TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Jim Downey

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jim Downey,<br><br>             Plaintiff,<br><br>vs.<br><br>Northstar Location Services, LLC; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No.: **'15CV0033 BAS MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *E. SEQ*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788, *ET SEQ*.**<br>**3. INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**<br>**4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, Plaintiff, Jim Downey, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), repeated violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act"), the invasions of Plaintiff's personal privacy, and the intentional infliction of emotional distress by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. Plaintiff, Jim Downey (hereafter "Plaintiff"), is an adult individual residing in Encinitas, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Northstar Location Services, LLC (hereafter "Northstar"), is a company with an address of 4285 Genesee Street, Cheektowaga, New York 14225,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Northstar and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Northstar at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Northstar for collection, or Northstar was employed by the Creditor to collect the Debt.

11. Northstar attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Northstar Engages in Harassment and Abusive Tactics**

12.     Within the past year, Northstar contacted Plaintiff in an attempt to collect the Debt.

13.     At all times mentioned herein, Northstar failed to indentify itself to Plaintiff at the beginning of each call and failed to state that it was calling in an attempt to collect the Debt, which is required by law.

14.     During the initial communication, Plaintiff advised Northstar that his identity was stolen ten years ago and that he was not responsible for repayment of the Debt.

15.     Plaintiff sent Northstar a police report regarding his stolen identity incident and disputed the Debt.

16.     Despite Plaintiff having disputed the Debt, Northstar continued contacting him at an annoying and harassing rate, placing multiple calls in a single day.

17.     On one occasion, Northstar called Plaintiff around 11:00 pm.

18.     During a call with Plaintiff, Northstar used profane and abusive language.

19.     Northstar also threatened to call law enforcement if the Debt wasn't paid.

20.     Moreover, Northstar contacted Plaintiff's cousin and Plaintiff's neighbors, disclosed the nature of the calls, and inquired about Plaintiff's personal life.

21. Northstar's conduct caused Plaintiff extreme stress, anxiety, and embarrassment.

## C. **Plaintiff Suffered Actual Damages**

22. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

23. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24. Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants contacted the Plaintiff before 8:00 a.m. or after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

27. Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

28. Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

29. Defendants used profane and abusive language in communications with Plaintiff, in violation of 15 U.S.C. § 1692d(2).

30. Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

31. Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

32. Defendants used false, deceptive, or misleading representation or means to collect the debt, in violation of 15 U.S.C. § 1692e.

33. Defendants threatened Plaintiff that nonpayment of the debt would result in arrest or imprisonment, in violation of 15 U.S.C. § 1692e(4).

34. Defendants threatened to take action that cannot legally be taken or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5).

35. Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

36. Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

37. Defendants used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692f.

38. Defendants failed to cease collection efforts until the debt was validated, in violation of 15 U.S.C. § 1692g(b).

39. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40. Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788, *et seq.*

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

43. Northstar, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

44. Defendants threatened the Plaintiff with arrest if the debt was not paid, in violation of Cal. Civ. Code § 1788.10(e).

45. Defendants used obscene and profane language when speaking with Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

46. Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

47. Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

48. Defendants communicated with Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

49. Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

50. Defendants did not comply with the provisions of Title 15, § 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

51. Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of

another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

54. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

55. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with excessive calls, calling Plaintiff's family and neighbors, using profane and abusive language, and threatening Plaintiff.

56. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

57. The conduct of Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

58. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

59. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

# COUNT IV
# INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

61. The acts, practices and conduct engaged in by Defendants vis-à-vis Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

62. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of California.

63. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

64. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

65. Plaintiff did indeed suffer mental anguish and severe emotional distress, including post-traumatic stress, paranoia, and depression.

66. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of California.

# PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Emotional distress damages;

G. Actual and consequential damages;

H. Punitive damages; and

I. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | |
|---|---|
| DATED:  January 8, 2015 | TRINETTE G. KENT |
| | By: __/s/   Trinette G. Kent__ |
| | Trinette G. Kent, Esq. |
| | Lemberg Law, LLC |
| | Attorney for Plaintiff, Jim Downey |